IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

MALEK BOUZID ALIANE,

     Plaintiff,

vs.

DEFENDANT'S NAME,

     Defendant

Case No.: _8:25 cv 2226-MSS-TGW_

Judge: _____

**COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**

## PARTIES

Plaintiff, Malek Bouzid Aliane, proceeding pro se, alleges as follows against Defendants Experian Information Solutions, Inc. ("Experian"), Equifax Information Services LLC ("Equifax"), Trans Union LLC ("Trans Union"), and ProCollect, LLC ("ProCollect"), and states:

## NATURE OF THE ACTION

1. This is a civil action seeking damages and other relief under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. The FCRA requires credit reporting agencies to adopt reasonable procedures to assure maximum possible accuracy of information in consumers' credit files, and to conduct prompt and reasonable reinvestigations of disputed information.

2. Plaintiff disputes certain accounts that Defendants report about Plaintiff. After Plaintiff notified the credit bureaus that the information was inaccurate and requested correction, Defendants failed to conduct reasonable reinvestigations and continued to report inaccurate or

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT - 1

obsolete information.  ProCollect, as a furnisher of information, also failed to cease reporting information it knew or had reason to believe was inaccurate after being notified of the errors.

## JURISDICTION AND VENUE

3.  This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under the FCRA, a federal statute.  The Court also has jurisdiction under 15 U.S.C. §§ 1681n and 1681o, which provide a private right of action for willful or negligent violations of the FCRA.

4.  Venue is proper in this district and division because Plaintiff resides in Hillsborough County, Florida, which is served by the Tampa Division of the Middle District of Florida, and because a substantial part of the events giving rise to the claims occurred here.  Local Rule 1.04(b) requires a party to begin an action in the division most directly connected to the action.

## PARTIES

5. Plaintiff Malek Bouzid Aliane, is a natural person who resides at 9012 Pinebreeze Dr , Riverview, Hillsborough County, Florida.  Plaintiff is a "consumer" as defined in 15 U.S.C. § 1681a(c).

6. Defendant Experian Information Solutions, Inc. is an Ohio corporation with its princip al place of business at 475 Anton Boulevard, Costa Mesa, California 92626.  Experian is a "cons umer reporting agency" within the meaning of 15 U.S.C. § 1681a(f).

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT - 2

7.  Defendant Equifax Information Services LLC is a Georgia limited liability company with its principal place of business at 1550 Peachtree Street NE, Atlanta, Georgia 30309. Equifax is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f).

8.  Defendant Trans Union LLC is a Delaware limited liability company with its principal place of business at 555 West Adams Street, Chicago, Illinois 60661. Trans Union is a consumer reporting agency as defined in 15 U.S.C. § 1681a(f).

9. Defendant ProCollect, LLC is a Texas limited liability company with its principal place of business at 12170 Abrams Road, Suite 100, Dallas, Texas 75243.  ProCollect furnishes information to consumer reporting agencies and is subject to the duties of furnishers under 15 U.S.C. § 1681s-2.

## FACTUAL ALLEGATIONS

10.  Plaintiff obtained credit reports from Experian, Equifax and Trans Union that contained one or more accounts reported by ProCollect (including collection accounts for an insurance claim and rental/lease) and other charged-off or settled accounts that had been paid or were inaccurate.  The credit bureaus reported these accounts as open collections with balances when they should have shown zero balance or should have been deleted, because they are the direct results of identity theft.

11.  Plaintiff sent written disputes to Experian, Equifax and Trans Union identifying the inaccurate information and requesting corrections.  Pursuant to 15 U.S.C. § 1681i(a)(1)(A), a consumer reporting agency must conduct a reasonable reinvestigation within 30 days of receiving a

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT - 3

consumer's dispute and delete or correct the disputed item if it cannot be verified. Plaintiff provided documentation demonstrating that the ProCollect accounts were incorrect or and the direct result of identity theft.

12. Plaintiff also notified ProCollect, as the furnisher, that the information it was reporting was inaccurate and requested that ProCollect cease reporting and correct the inaccuracies. Under 15 U.S.C. § 1681s-2(a)(1), a furnisher shall not furnish information to a consumer reporting agency if it knows or has reasonable cause to believe the information is inaccurate.

13. Despite Plaintiff's disputes, Experian, Equifax and Trans Union failed to conduct a reasonable reinvestigation and continued to report the disputed accounts as delinquent. They also failed to notify ProCollect of the dispute within five business days as required by § 1681i(a)(2). ProCollect likewise failed to investigate the disputes and continued to furnish inaccurate information, even after receiving a police report on the matter.

14. As a result of Defendants' failures, inaccurate negative information remains in Plaintiff's credit reports, causing lower credit scores and denial of credit. Plaintiff has suffered actual damage, including higher interest rates and emotional distress.

## CLAIMS FOR RELIEF

### Count I

Violations of FCRA § 1681e(b) – Failure to Follow Reasonable Procedures (All Defendants).

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT - 4

15. Plaintiff alleges paragraphs 1 through 14

16. Under 15 U.S.C. § 1681e(b), consumer reporting agencies must follow reasonable procedures to assure maximum possible accuracy of the information they report. Defendants Experian, Equifax and Trans Union failed to follow reasonable procedures by reporting inaccurate collection accounts and by failing to correct them after Plaintiff's disputes.

17. As a result, Plaintiff suffered damages. Defendants are liable under 15 U.S.C. § 1681n or § 1681o for willful or negligent noncompliance.

## Count II

Violations of FCRA § 1681i – Failure to Conduct a Reasonable Reinvestigation (Credit Bureaus).

18. Plaintiff alleges paragraphs 1 through 14.

19. Section 1681i(a)(1) requires consumer reporting agencies to conduct a reasonable reinvestigation of disputed information within 30 days and delete or correct any item that cannot be verified. Defendants Experian, Equifax and Trans Union did not conduct reasonable reinvestigations and failed to delete or correct the inaccurate ProCollect accounts.

20. Defendants' conduct was willful or, alternatively, negligent. Plaintiff is entitled to statutory, actual and punitive damages.

## Count III

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT - 5

Violations of FCRA § 1681s-2 – Furnisher's Duty to Provide Accurate Information (ProCollect).

21. Plaintiff alleges paragraphs 1 through 14.

22. As a furnisher of credit information, ProCollect must not furnish information to a consumer reporting agency if it knows or has reasonable cause to believe the information is inaccurate. After Plaintiff notified ProCollect that the accounts were inaccurate, ProCollect continued to furnish false information and failed to conduct a reasonable investigation.

23. ProCollect's actions constitute willful or negligent violations of § 1681s-2. Plaintiff is entitled to actual, statutory and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Award actual damages in an amount to be proven at trial.

B. Award statutory damages of not less than $100 and not more than $1,000 per violation as provided by 15 U.S.C. § 1681n(a)(1)(A);

C. Award punitive damages as the Court may allow under 15 U.S.C. § 1681n(a)(2);

D. Award Plaintiff the costs of this action, and, if applicable, reasonable attorney's fees under 15 U.S.C. § 1681n(a)(3) or § 1681o(a)(2);

E. Order Defendants to remove the inaccurate information from Plaintiff's credit reports and to correct Plaintiff's credit files; and

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT - 6

1

F.  Grant such other and further relief as the Court deems just and proper.

2

3

4

## DEMAND FOR JURY TRIAL

5

6

Plaintiff demands trial by jury on all issues so triable.

7

8

9

Respectfully submitted,

10

11

Malek Bouzid Aliane

12

9012 Pinebreeze Drive

13

Riverview, Florida 33578

(813)361-2032

14

alianem@hocking.edu

15

16

Date___8/18/25

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT - 7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT - 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT - 9